1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15
16
17

KEITH E. BERRY,

              Plaintiff,

     v.

STATE OF WASHINGTON,
DEPARTMENT OF CORRECTIONS
and CCO RUSSELL ALFARO,

              Defendants.

Case No.  C10-5078BHS/JRC

ORDER EXTENDING BRIEFING
DEADLINE AND CONTINUING
DEFENDANTS' SUMMARY
JUDGMENT

Noted for December 10, 2010

18
19
20
21
22
23
24
25
26

      This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.  This matter is before this court on defendants' Motion for Summary Judgment. (ECF No. 16). Subsequent to defendants' filing of their Motion for Summary Judgment, plaintiff filed a Statement of Case and Issues (ECF No. 21), and wrote two letters to the court (ECF Nos. 23, 26). On September 23, 2010, defendants filed a Reply in support of their Motion for Summary Judgment. (ECF No. 22). On November 12, 2010, plaintiff

REPORT AND RECOMMENDATION- 1

filed Plaintiff's Status Report (ECF No. 28) and an untimely Response to defendants' Motion for Summary Judgment (ECF No. 27).

DISCUSSION

The court "must 'liberally construe the 'inartful pleading' of pro se litigants'". Plasencia v. Carnevale, 2007 U.S. Dist. LEXIS 57209 at *4 (D. Ore. 2007) (*quoting* Eldrigde v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (*citing* Boag v. MacDougall, 454 U.S. 364, 365 (1982))). It is especially important to apply this rule of liberal construction in civil rights cases. Plasencia, 2007 U.S. Dist. LEXIS 57209 at *4 (*citing* Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (*citing* Eldrige, 832 F.2d at 1137)).

Defendants' Motion for Summary Judgment was filed on August 30, 2010. (ECF No. 16.) Pursuant to this court's scheduling order, plaintiff's Response was due on September 20, 2010. (See ECF No. 9, p. 2.) On September 21, 2010, plaintiff wrote a letter to the court stating that "I have no access to [the] law library, I can't get any copies, nor pens to write with . . . . I have a case I need to file, but have no means, please help." (ECF No. 23, filed on September 24, 2010.) On November 2, 2010, plaintiff wrote another letter to the court, stating that he is "delayed because of the law library pro se policy. They don't have books, typewriters, printers [or] case log ECF . . . . you can't get copies if you had moneys within 30 days, and you have to have moneys to send out mail . . . . I'll be putting plaintiff status report and amend motion within the next 2 weeks." (ECF No. 26.) In addition, plaintiff filed Plaintiff's Status Report on November 12, 2010. (ECF No. 28.) In his status report, plaintiff states that he has "been moved from jail to jail, without the means to respond due to the fact that the jails' law library hinders inmates to make an effective case and response. [Washington Correctional Center] told inmate/plaintiff he couldn't find a deadline on the computer, so [plaintiff] was denied unlimited

REPORT AND RECOMMENDATION- 2

access to the law library.  Yakima County Jail would not let plaintiff to their so-called law library. Also, [Yakima County Jail] would not make copies nor send out big mail . . . . At [Pierce County Jail,] they too are hindering inmates that [are] pro se. The material in the law library is limited.  No typewriters, printers, books, nor forms, and case log. [It] also takes up to a week to get copies." (Id.)

Plaintiff's filings include his statements that "I have a case I need to file, but have no means, please help" (ECF No. 23), and "I'll be putting plaintiff status report and amend motion within the next 2 weeks." (ECF No. 26.) Plaintiff also contends that he has "been moved from jail to jail, without the means to respond." (ECF No. 28.)

Because the court "must 'liberally construe the 'inartful pleading' of pro se litigants,'" especially in the context of civil rights cases, Plasencia, 2007 U.S. Dist. LEXIS 57209 at *4, the court deems plaintiff's request for help and his filings (see ECF Nos. 23, 26, 28) as a Motion for Extension, and hereby grants the Motion for Extension. Cf. United States v. O'Malley, 1986 U.S. Dist. LEXIS 16390 at *3 (N.D. Ill. 1986) ("[t]he court deems the request as a motion for an extension of time[,] . . . . and that is granted).  Therefore, the court concludes that plaintiff's Response is properly is part of the record. (See ECF No. 27.)

Although defendants have filed a Reply (ECF No. 22), they have not had an opportunity to reply to plaintiff's Response (ECF No. 27). Therefore, defendants shall have until **December 9, 2010** to file any supplemental Reply, but is not required to do so.

## CONCLUSION

Based on the above discussion, the court deems plaintiff's request for help and his filings as a Motion for Extension, (see, e.g., ECF No. 28), and grants the Motion for Extension. Defendants may file any supplemental Reply on or before **December 9, 2010**.

REPORT AND RECOMMENDATION- 3

1  The clerk is directed to set the matter for consideration on **December 10, 2010**, as noted
2 in the caption.

3  Dated this 1st day of December, 2010.

4
5
6  J. Richard Creatura
7  United States Magistrate Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

REPORT AND RECOMMENDATION- 4