UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH E. BERRY,<br><br>  Plaintiff,<br><br>  v.<br><br>CCO RUSSELL ALFARO,<br><br>  Defendant. | Case No. C10-5078BHS/JRC<br><br>ORDER DIRECTING APPOINTMENT OF COUNSEL, DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT and REQUIRING PARTIES TO FILE JOINT STATUS REPORT by JULY 22, 2011 |

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. This matter is before this Court on plaintiff's Motion to Amend the Complaint (ECF No. 43).

For the reasons discussed herein, the Court *sua sponte* reconsiders and vacates its prior Order (see ECF No. 13) on plaintiff's Motion to Appoint Counsel (see ECF No. 10). However, because plaintiff has not provided the Court with the additional facts supporting his request to amend his Complaint and has not provided the Court with an attached proposed Amended Complaint, the Court denies without prejudice plaintiff's Motion to Amend his Complaint.

ORDER- 1

In addition, following the appointment of counsel for plaintiff, and after the parties have had the opportunity to confer, the Court directs that a Joint Status Report be filed with the Court.

## FACTUAL BACKGROUND

A factual background with detailed citations was included by the Court in the Report and Recommendation on defendants' Motion for Summary Judgment (see ECF No. 33; see also Civil Rights Complaint, ECF No. 4). The facts relevant for the issues currently before the Court are presented herein.

Plaintiff was convicted and incarcerated for a domestic violence-related assault. Plaintiff's release was subject to reporting requirements. Due to plaintiff's alleged assault against his girlfriend Jessica Reed (hereinafter "Reed") subsequent to his release, and due to his failure to report, plaintiff was arrested and placed in Pierce County Jail (hereinafter "PCJ"). Plaintiff subsequently was found guilty and sentenced to 50 days for this assault against Reed.

According to the defendant, while plaintiff was incarcerated for this second assault, defendant Community Corrections Officer ("CCO") Russell Alfaro (hereinafter "CCO Alfaro") verbally informed plaintiff that plaintiff was to have no contact with Reed. Both parties agree that plaintiff contacted Reed during the relevant period of time. According to the defendant, after being informed of plaintiff's contact with Reed, defendant placed a "hold" on plaintiff, pending a hearing on plaintiff's alleged violation of the no-contact order. Plaintiff would have been released and free from custody for 19 days but for this "hold."

According to plaintiff, plaintiff was never given any verbal no-contact order by CCO Alfaro. Also, according to plaintiff, defendant CCO Alfaro indicated in an entry in the CHRONOS (computerized system for CCO log entries) that he had telephoned into PCJ and

ORDER- 2

verbally given plaintiff a no-contact order over the telephone (although, according to plaintiff, CCO Alfaro had not done so).

A hearing was held at Pierce County Jail on the violation of the no-contact order. The hearing officer reviewed entries in the CHRONOS system, then called to speak with a Pierce County Jail Officer regarding whether or not a CCO may telephone into the jail and speak with "an offender." After being informed that a CCO may not telephone into PCJ and speak with a prisoner, the hearing officer concluded that plaintiff was not aware that he was not to have contact with Reed. The hearing officer found plaintiff not guilty of violating the no-contact order, and plaintiff was released. CCO Alfaro did not show up for this hearing.

Plaintiff has contended that he was moved around in order "to make sure [that] he didn't meet his deadlines with the U.S. District Court" (see Response to Motion for Summary Judgment, ECF No. 27, p. 6). In addition, plaintiff alleges that two of the jails' law libraries "hinder inmates to make an effective case;" and, that the third "told plaintiff they couldn't find his deadlines on the computer, at DOC center (WCC)" (id.).

PROCEDURAL HISTORY

On February 10, 2010, the court granted plaintiff's Motion for Leave to proceed in forma pauperis (ECF No. 3). On February 10, 2010, plaintiff filed the underlying Complaint against defendants State of Washington, Department of Corrections, and CCO Russell Alfaro (ECF No. 4). On April 21, 2010, defendants filed an Answer (ECF No. 8). On May 24, 2010, this Court issued an order (ECF No. 13) denying plaintiff's Motion to Appoint counsel (ECF No. 10). This motion was not opposed. On August 30, 2010, defendants filed a Motion for Summary Judgment (ECF No. 16).

ORDER- 3

On December 14, 2010, the undersigned issued a Report and Recommendation regarding defendants Motion for Summary Judgment recommending that summary judgment be granted as to defendants State of Washington and Department of Corrections and that summary judgment be denied as to defendant CCO Alfaro. (ECF No. 33). On December 21, 2010, plaintiff objected to the Report and Recommendation (ECF No. 36), and on January 20, 2011, District Judge Benjamin H. Settle issued an Order Adopting Report and Recommendation (see ECF No. 38).

Plaintiff missed the discovery deadline in this case (see ECF Nos. 31, 34, 37). In addition, plaintiff failed in his attempt regarding a late request for discovery due to his failure to comply with procedural rules (see ECF No. 37).

## STANDARD OF REVIEW

A Court may request that counsel be appointed for a civil rights litigant, even though "[g]enerally, a person has no right to counsel in civil actions." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (*cert. denied*, 2010 U.S. LEXIS 864 (2010)) (*citing* Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)). When "exceptional circumstances" exist, however, the Court may request appointment of counsel for an indigent civil litigant. See 28 U.S.C. § 1915(e)(1); Palmer, supra, 560 F.3d at 970 (citations omitted). When making the determination regarding whether or not "exceptional circumstances" exist, the Court "must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer, supra, 560 F.3d at 970 (*quoting* Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). As stated by the Ninth Circuit Court of Appeals, neither one of these considerations "is dispositive and instead must be viewed together." Palmer, supra, 560 F.3d at 970 (*citing* Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

ORDER- 4

DISCUSSION

**Appointment of Counsel**

Based on a review of the relevant record, the Court concludes that the factor of likelihood of success on the merits favors the appointment of counsel for plaintiff in this case. See Palmer, supra, 560 F.3d at 970. His claim has survived summary judgment. This case is heading toward trial. In addition, the Court discerned plaintiff's allegations with some difficulty and expenditure of time. The Court also notes that the record has been developed in this case, and includes plaintiff's allegations that he is being hindered in his ability to pursue his claim, as well as plaintiff's unsuccessful attempt to obtain discovery after the discovery cut-off date due to his failure to comply with proper procedure.

Therefore, for these reasons, the Court concludes that at this point, because the likelihood of success on the merits has improved and plaintiff's ability to articulate his claims *pro se* is limited, this Court finds "exceptional circumstances" in favor of appointing counsel. See Palmer, supra, 560 F.3d at 970. Considering these factors together, the Court shall request that an attorney be appointed to represent plaintiff.

**Plaintiff's Motion to Amend the Complaint**

However, regarding plaintiff's Motion to Amend the Complaint, the Court observes that plaintiff did not provide an attached proposed Amended Complaint to his Motion, and did not explain otherwise what additional facts or circumstances compel him to amend his Complaint at this late date. For this reason, the Court denies *without prejudice* plaintiff's Motion to Amend his Complaint. See Fed. R. Civ. P. 15(a); PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 417 F.2d 659, 664 (9th Cir. 1969) (*citing* Fed. R. Civ. P. 15(a); Caddy-Imler Creations, Inc. v.

ORDER- 5

Caddy, 299 F.2d 79 (9th Cir. 1963) (other citations omitted)) ("Allowance of amendments after a responsive pleading has been served is well within the sound discretion of the trial court").

**Joint Status Report**

Finally, following the appointment of counsel for plaintiff, counsel and *pro se* parties are directed to confer and provide the court with a Joint Status Report by no later than July 22, 2011. The Joint Status Report shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3. A list of all exhibits to be offered into evidence at trial;

4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness;

5. Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

6  Pursuant to 28 U.S.C. § 636(c), whether or not the parties consent to having a Magistrate Judge conduct any or all remaining proceedings, including the trial and order the entry of judgment in the case;

7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

8. Any other suggestions for shortening or simplifying the trial in this case;

ORDER- 6

9. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

10. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

11. Whether the trial will by jury or non-jury;

12. The number of trial days required, and suggestions for shortening trial; and,

13. The names, addresses, and telephone numbers of all trial counsel and unrepresented (*pro se*) parties who intend to appear at trial.

If the parties are unable to agree on any part of the Joint Status Report, they may answer in separate paragraphs. Separate reports are not to be filed. Plaintiff's counsel will be responsible for initiating communications for the preparation of the Joint Status Report.

## CONCLUSION

The Court concludes that exceptional circumstances currently exist in this case regarding appointment of counsel for plaintiff.

Therefore, the Court hereby VACATES the previous Order denying plaintiff's Motion to Appoint Counsel (see ECF No. 13), and ORDERS that the Clerk's Office Pro Bono Coordinator is directed to appoint counsel from the Pro Bono Panel and to send a copy of this Order to plaintiff and counsel for defendants.

Plaintiff's Motion to Amend the Complaint (see ECF No. 43) is DENIED without prejudice.

The Court ORDERS that parties submit a Joint Status Report by July 22, 2011.

Dated this 21st day of April, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER- 7