1
2
3
4
5
6
7
8
9            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
10                    AT TACOMA

11   KEITH BERRY,

12                    Plaintiff,              CASE NO. C10-5078 BHS-JRC

13           v.                               REPORT AND RECOMMENDATION

14   STATE OF WASHINGTON et al.,              NOTED FOR MAY 4, 2012

15                    Defendants.

16
         This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate
17
     Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1,
18
     MJR 3, and MJR 4. Before the Court are cross motions for summary judgment (ECF Nos. 54,
19
     55). The Court recommends that both motions be denied and that this case proceed to trial on
20
     May 22, 2012, as scheduled.
21
                                           FACTS
22
         Plaintiff alleges that he was held in the Pierce County Jail 19 days past his release date as
23
     a result of an improper hold placed on him by his Community Corrections Officer, defendant
24

REPORT AND RECOMMENDATION - 1

1 | Russell Alfaro. Mr. Alfaro is the only remaining defendant (ECF No. 55). The hold was the

2 | result of defendant Alfaro claiming that he gave plaintiff an order not to have contact with

3 | Jessica Reed (ECF No. 55, page 2). Plaintiff argues that any change to his conditions of

4 | community custody by his Community Corrections Officer had to be in writing and he cites to

5 | RCW 9.94A.704 (7)(a) as authority for that statement (ECF No. 55, page 2). Further, plaintiff

6 | alleges he was never given any order, verbally or in writing, not to contact Jessica Reed (ECF

7 | No. 55, page 2). Plaintiff also alleges that he was entitled to a hearing within five days of the

8 | hold being placed on him and cites RCW 9.94A.737(2)(c), which states that an offender in total

9 | confinement shall have a hearing within five days unless waived by the offender  (ECF No. 55,

10 | page 6).

11 |        Plaintiff alleges that he was scheduled for release on February 28, 2008. On February 15,

12 | 2008, defendant Alfaro placed a hold on release pending a hearing claiming that plaintiff had

13 | violated a no-contact order. The hearing was not held until March 18, 2008. Plaintiff was found

14 | not guilty of the violation and he was released that day.

15 |        Defendant alleges that he has the authority to give verbal or written orders and that each

16 | offender signs a standard form informing them of the Community Corrections Officers authority

17 | (ECF No. 54, page 3, citing the declaration of defendant  (ECF No. 18)). The form is attached to

18 | Mr. Alfaro's declaration and it states "Abide by written and verbal instructions issued by the

19 | community corrections officer." (ECF No. 18, page 24). Defendant alleges that he gave plaintiff

20 | a verbal order to have no contact with Jessica Reed on January 17, 2008. Defendant alleges that

21 | he learned that plaintiff had violated that order on February 15, 2008. Defendant also argues that

22 | he is not responsible for the scheduling of the hearing and therefore not liable for the delay (ECF

23 | No. 54).

24 |

1                                    STANDARD OF REVIEW

2          In federal court, summary judgment is required under Fed. R. Civ. P. 56(c) if the

3    evidence, viewed in the light most favorable to the nonmoving party, shows that there is no

4    genuine issue as to any material fact. Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th

5    Cir.1997).  The moving party bears the initial burden of establishing the absence of a genuine

6    issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  That burden may

7    be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of

8    evidence to support the nonmoving party's case." Id. at 325.  Once the moving party has met its

9    initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify

10   facts that show a genuine issue for trial.  Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477

11   U.S. 242, 248 (1986).

12                                        DISCUSSION

13         Defendant's argument that this action must be analyzed under the Fourth Amendment as

14   a seizure is without merit (ECF No. 54, pages 4-5). The cases cited by defendant deal with a free

15   person being initially arrested, not a person who is already in custody being detained for a longer

16   period of time (ECF No. 54). The arrest of plaintiff in January of 2008, and the initial 50-day

17   sanction are not at issue. The sanction ended February 28, 2008. What is at issue is the failure to

18   release plaintiff on the date the sanction ended. This is a liberty interest protected by the

19   Fourteenth Amendment. See generally, In re McNeal, 99 Wash. App. 617, 619, 994 P.2d 890,

20   891 (2000) (affording persons on community custody due process protections before sanctions

21   are imposed).

22         Defendants' argument that he does not schedule the hearings and therefore cannot be held

23   liable for the delay in hearing the case cannot be resolved on summary judgment. The Court

24

1   must view the evidence in a light most favorable to the non moving party. <u>Tarin v. County of Los</u>

2   <u>Angeles</u>, 123 F.3d 1259, 1263 (9th Cir.1997). Defendant placed the hold on plaintiff. Without

3   the hold there would be no need for a hearing and plaintiff would have been released on

4   February 28, 2012. Further, defendant does not place before the Court any evidence showing

5   who was responsible for scheduling the hearing. Defendant does not place before the Court any

6   facts or evidence showing why the hearing in this case was continued. It may be that defendant

7   played no part in the setting of the hearing, or it may be that the continuances were the result of

8   defendant asking for them or not being available for the hearing. Viewing the evidence in a light

9   most favorable to plaintiff, however, defendant has not shown that he is entitled to summary

10  judgment.

11         Plaintiff's summary judgment fares no better. Defendant says that he gave plaintiff a

12  verbal order. Again, this is an issue of fact precluding summary judgment. The Court finds that

13  even if defendant Alfaro lacked the authority to give orders verbally, he may have believed

14  reasonably that he had such authority, and his belief may provide him with qualified immunity.

15  In addition, the Court notes that defendant provides authority for the proposition that his verbal

16  instructions must be followed (ECF No. 18, page 24). Defendant also claims that he did not

17  schedule the hearing and is not responsible for the delay in this case: the cause of the delay

18  remains a question of fact. The Court must view the evidence in a light most favorable to the non

19  moving party. <u>Tarin v. County of Los Angeles</u>, 123 F.3d 1259, 1263 (9th Cir.1997).

20         The Court reviewed the pleadings in this case including the amended complaint and

21  answer. The defense of qualified immunity was raised in the answer (ECF No. 53). Defendant

22  Alfaro may be entitled to qualified immunity if he believed he had authority to give an order

23  verbally and if he in fact gave that order. Qualified immunity was not raised or argued by either

24

1  party in the motions for summary judgment (ECF No. 54 and 55). It is not before this Court, but

2  the defense may remain available at trail. The court recommends that plaintiff's motion for

3  summary judgment also be denied.

4  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5  fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P.

6  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

7  review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

8  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May

9  4, 2012, as noted in the caption.

10  Dated this 13th day of April, 2012.

11

12  J. Richard Creatura
   United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24